

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Please attached sheet | Please see attached sheet  19  2567 |
| (b) County of Residence of First Listed Plaintiff _____<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant _____<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Credit Reporting Act, 15 U.S.C. § 1681, et al

Brief description of cause:
Fair Credit Reporting Act, 15 U.S.C § 1681, et al.

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE 6/13/19

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG JUDGE _____

JUN 13 2019

AB

19-CV-2567

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff _____ Please see attached sheet. _____

Address of Defendant _____ Please see attached sheet. _____

Place of Accident, Incident or Transaction _____ N/A _____

---

**RELATED CASE, IF ANY:**

Case Number: __N/A__   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/13/19   _____(signature)_____   202618
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney ID # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. **Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases *(Please specify)* Fair Credit Reporting Act 15 U.S.C. 1681, et

B. **Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify)* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, __Richard Kim__, counsel of record or pro se plaintiff, do hereby certify

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

☐ Relief other than monetary damages is sought.

DATE: 6/13/19   _____(signature)_____   202618
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney ID # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ 609 (5/2018)

JUN 13 2019

## Civil Cover Sheet Attachment

**Plaintiff:**

Aaliyah Rogers, 1537 N 30th Street, Philadelphia PA 19121

### Represented by:

The Kim Law Firm, LLC
Richard Kim, Esquire
1635 Market St., Suite 1600
Philadelphia, PA 19103
Ph. 855-996-6342
Fax 855-235-5855
Email: rkim@thekimlawfirmllc.com

Kevin J. Kotch, Esquire
Attorney I.D. No.: 70116
Ferrara Law Group, P.C.
One State Street Square
50 W State St., Suite 1100
Trenton, NJ 08608
609.571.3742 (Tel)
609.498.7440 (Fax)
kevin@ferraralawgp.com

**Defendant:**

Smith Volkswagen, LTD., 845 N. 4304 Kirkwood Highway, Wilmington, DE 19808.

AB

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

v.

:      19      CIVIL ACTION 2567

:      NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.      ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (x)

6/13/19                                                              Richard Kim
Date           Attorney-at-law           Attorney for Plaintiff

855-996-6342           855-235-5855           rkim@thekimlawfirmllc.com

Telephone           FAX Number           E-Mail Address

(Civ. 660) 10/02

JUN 13 2019

$400 AB

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA



| | |
|---|---|
| Aaliyah Rogers, on behalf of herself and all others similarly situated | Civil Action No. 19 2567 |
| PLAINTIFF, | |
| v. | CLASS ACTION COMPLAINT |
| Smith Volkswagen, LTD. | JURY TRIAL DEMANDED |
| DEFENDANT. | FILED JUN 13 2019 By KATE BARK...N, Clerk Dep. Clerk |

Plaintiff Aaliyah Rogers ("Ms. Rogers", "Rogers" or "Plaintiff"), by and through her undersigned attorneys, on behalf of herself, and the Putative Class set forth below, and in the public interest, hereby brings the following class action Complaint against Defendant Smith Volkswagen, LTD ("Smith VW" or "Defendant") pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA").

### PRELIMINARY STATEMENT

1. Smith VW is an area car dealership that sells both new and used automobiles.

2. Smith VW regularly violates Section 1681b of the FCRA by conducting credit inquiries of prospective customers without any permissible purpose.

3. As discussed further below, Ms. Rogers was subject to Smith VW's systematic and regular violations of Section 1681b when it caused approximately 7 hard credit inquiries to occur even though Plaintiff was merely a prospective customer.

4. Accordingly, Plaintiff individually, and on behalf of all others similarly situated seeks to obtain redress for a class of consumers.

1

## PARTIES

5. Individual and representative Plaintiff Aaliyah Rogers ("Plaintiff" or "Ms. Rogers") is a resident of Philadelphia, Pennsylvania. Ms. Rogers is a member of the Putative Class defined below, and is a consumer as that term is defined by applicable law, including but not limited to the FCRA.

6. Defendant Smith VW is a company with a principal place of business at 845 N. 4304 Kirkwood Highway, Wilmington, DE 19808. Smith VW is a "person" as that term is defined by Section 1681a(b) of the FCRA.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331 and pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

8. Venue is proper in the United States District Court, Eastern District of Pennsylvania, Philadelphia, pursuant to 28 U.S.C. § 1391(b) as Defendant engages in substantial business activity in this district. 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

9. On or about May 3, 2019, Plaintiff traveled to Smith VW to make a general inquiry about vehicles that Smith VW had for sale.

10. Plaintiff made clear that she was only a prospective customer. Plaintiff never signed any agreement and never agreed to any services or to purchase a vehicle from Defendant. Plaintiff also did not sign any document providing Smith VW with authority to cause any credit inquiries to be conducted.

11. After Plaintiff left Smith VW, she subsequently learned that Smith VW had caused

2

approximately 7 different credit inquiries to occur. Smith VW had no permissible purpose to cause these credit inquiries to occur.

12. Indeed, it is well established that merely inquiring about the possibility of a future transaction does not create a permissible purpose to cause a credit inquiry to occur under Section 1681b of the FCRA.

13. The FTC considered nearly an identical situation as this, and the FTC concluded that a customer who "'comes to an automobile dealership and requests information' from a salesman about one or more automobiles" had not initiated a transaction sufficient to allow the dealership to pull a credit report. FTC Letter to Coffey (Feb. 11, 1998), available at http://www.ftc.gov/policy/advisoryopinions/advisory-opinion-coffey-02-11-98, and attached as **Exhibit "A"**.

14. Smith VW has routinely and systematically obtained credit reports on prospective customers with no permissible purpose or written consent.

15. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant.

16. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff.

17. As a result of Defendant's conduct, the Plaintiff and members of the Putative Class have suffered concrete injuries. In addition to having their privacy invaded, informational injuries, reduction in credit scores (inquiries for which remain on credit reports for two years), Plaintiff and members of the Putative Class have had their personal identifying information unnecessarily

disseminated to the Defendant, and, upon information and belief to its related information-sharing affiliates. Defendant has subjected consumer class members to increased risk of identity theft and/or a data breach, resulting in consequential anxiety and emotional distress. These injuries are particularized and concrete, but difficult to quantify rendering the recovery of class statutory damages ideal and appropriate. In the alternative, if there is any reason that a class is not certified, Plaintiff reserves her right to seek all damages available to her individually, including but not limited to actual damages, statutory damages, punitive damages and attorneys' fees.

## CLASS ACTION ALLEGATIONS

18. Plaintiff asserts her claim in Count One on behalf of the "Unauthorized Inquiry Class" defined as follows:

> **Unauthorized Inquiry Class:** All consumers who had credit inquiries conducted that were caused by Defendant and did not enter into a written agreement allowing Defendant to conduct the credit inquiries within five years preceding the filing of this Complaint, until the date of final judgment in this action.

19. **Numerosity.** The Putative Class is so numerous that joinder of all Class members is impracticable. Smith VW regularly and improperly causes credit inquiries by obtaining credit reports without any permissible purpose in violation of the FCRA.

20. **Typicality.** Plaintiff and members of the Putative Class were harmed by the acts of Defendant in at least the following ways: conducting credit inquiries by obtaining credit reports without any permissible purpose in violation of the FCRA. The FCRA violations suffered by Plaintiff are typical of those suffered by other members of the Putative Class, and VW Smith treated Plaintiff consistent with other members of the Putative Class.

21. **Adequacy.** Plaintiff is an adequate representative of the Putative Class. As a person who was subject to credit inquiries by Smith VW without a permissible purpose all in

4

violation of the FCRA, Plaintiff's interests are aligned with, and are not antagonistic to the interests of the members of the Putative Class. Plaintiff has retained counsel competent and experienced in complex class action litigation.

22. **Commonality**. Common questions of law and fact exist as to all members of the Putative Class and predominate over any questions solely affecting individual members of the Putative Class, including but not limited to:

   a. Whether Defendant causes credit inquiries of prospective customers by obtaining credit reports without a permissible purpose in violation of the FCRA;

   b. The proper measure of statutory and punitive damages; and

   c. The proper form of injunctive and declaratory relief.

23. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the Putative Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual Class member's claim as a separate action would potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

24. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Smith VW has acted or refused to act on grounds that apply generally to the Putative Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

25. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Putative Class predominate over any questions affecting only individual members of the Putative Class, and because a class action is superior to other

available methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against Defendant, as the amount of each Class member's individual claims is small compared to the expense and burden of individual prosecution, and Plaintiff is unaware of any similar pending claims brought against Defendant by any members of the Putative Class on an individual basis. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgment concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single forum.

26. Plaintiff intends to provide notice to all members of the Putative Classes to the extent required by Rule 23. The name and addresses of the Putative Class members are available from Defendant's records.

## CAUSES OF ACTION

### COUNT ONE
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

27. Plaintiff incorporates by reference all other allegations and paragraphs of the Complaint as if set forth herein at length.

28. Plaintiff is a "consumer" as defined by the FCRA.

29. Smith VW is a "person" as defined by the FCRA.

30. Smith VW used a "consumer report," as defined by the FCRA.

31. Defendant violated Sections 1681n and 1681o of the Fair Credit Reporting Act by willfully and negligently causing unauthorized and excessive credit inquiries to be made of

6

Plaintiff and the Class.

32. Inquiries are listed on a credit report, and the number and frequency of inquiries noted on a person's credit file affects their credit score. The credit score affects, among other things, the ability of a party to obtain credit and the terms of the credit. Moreover, credit reports include private and sensitive information. Smith VW's unauthorized inquiries allowed third parties to impermissibly access the credit reports of Plaintiff and the Class, which has also caused an increase risk of privacy harm and identify theft.

33. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor in bringing about the harm to the Plaintiff and Class that are outlined more fully above and, as a result, Defendant is liable to Plaintiff and the Class for the full amount of statutory damages, punitive damages, attorney's fees and costs of litigation, as well as such further relief, as may be permitted by law.

34. The foregoing violations were willful. VW Smith knew that it was required to obtain Plaintiff's consent prior to causing credit inquiries to occur. VW Smith acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Class members under 15 U.S.C. § 1681b(b)(2)(A)(i).

35. Plaintiff and the Putative Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

36. Plaintiff and the Putative Class are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

37. Plaintiff and the Putative Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## PRAYER FOR RELIEF

38. WHEREFORE, Plaintiff, on behalf of himself and the Putative Class, prays for relief as follows:

   a. Determining that this action may proceed as a class action under Rule 23 of the Federal Rules of Civil Procedure;

   b. Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

   c. Issuing proper notice to the Putative Class at Defendant's expense;

   d. Declaring that Smith VW committed multiple, separate violations of the law;

   e. Declaring that Smith VW acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations under the law;

   f. Awarding appropriate equitable relief, including, but not limited to an injunction forbidding Smith VW from engaging in further unlawful conduct;

   g. Awarding statutory damages and punitive damages as provided by the law;

   h. Awarding reasonable attorneys' fees and costs as provided under the law; and

   i. Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

39. Plaintiff demands trial by jury on all issues so triable.

                Respectfully submitted,

                **THE KIM LAW FIRM, LLC**

BY: _/s/ Richard Kim_

                Richard Kim, Esquire
                Attorney I.D. No.: 202618
                1635 Market St., Suite 1600
                Philadelphia, PA 19103
                Ph. 855-996-6342/Fax 855-235-5855
                rkim@thekimlawfirmllc.com

                Kevin J. Kotch, Esquire
                Attorney I.D. No.:  70116
                Ferrara Law Group, P.C.
                One State Street Square
                50 W State St., Suite 1100
                Trenton, NJ 08608
                609.571.3742 (Tel)
                609.498.7440 (Fax)
                kevin@ferraralawgp.com

                *Attorneys for Plaintiff Aaliyah Rogers*

Dated: June 13, 2019

# EXHIBIT "A"



**FEDERAL TRADE COMMISSION**
PROTECTING AMERICA'S CONSUMERS

# Advisory Opinion to Coffey (02-11-98)

**TAGS:** Credit Reporting | Privacy and Security | Automobiles

February 11, 1998

Karen Coffey, Chief Counsel
Texas Automobile Dealers Assn.
1108 Lavaca -- P. O. Box 1028
Austin, Texas 78767-1028

**Re:** *Section 604 of the Fair Credit Reporting Act*

Dear Ms. Coffey:

This responds to your letter dated August 29, 1997, asking the views of the Commission staff on a number of issues concerning application of the amended Fair Credit Reporting Act ("FCRA"), including (1) the propriety of an auto dealership obtaining a consumer report from a consumer reporting agency ("CRA") on an individual who visits the showroom, (2) the disclosure required to be provided to a job applicant or current employee before a consumer report may be obtained by the employer, and (3) the items required to be provided to the consumer before adverse action may be taken by the employer based on the report.

1. Section 604(a)(3)(F) permits CRAs to provide consumer reports to any party who has a "legitimate business need for the information in connection with a business transaction that is initiated by the consumer." You ask whether this provision allows a dealer to obtain a consumer report on a person who "comes to an automobile dealership and requests information" from a salesman about one or more automobiles. In our view it does not, because a request for general information about products and prices offered does not involve a business transaction initiated by the consumer.

More generally, you ask "when is the beginning of a business transaction" initiated by the consumer? In responding to this question, it is important to note that Section 604(a)(3)(F) limits this "business need" permissible purpose to transactions (i) that are "initiated" by the consumer and (ii) where the seller has a "legitimate business need" for the information. The staff's view is that an automobile dealer may obtain a report only in those circumstances in which the consumer clearly understands that he or she is initiating the purchase or lease of a vehicle and the seller has a legitimate business need for the consumer report information in order to complete the transaction.

For example, a consumer who asks a dealer questions about prices and financing is not necessarily indicating an intent to purchase or lease a vehicle from that particular dealer. Nor does the dealer have a "legitimate" business need for a consumer report in this situation. The consumer may simply be comparison shopping. In such a situation, the dealer must obtain written permission from the consumer before obtaining a consumer report. If the dealer would like to see a consumer's credit report before answering general questions about the availability of financing, this must be explained to the consumer and written permission must be obtained. In the same way, a request to "test drive" a vehicle does not indicate an intent to initiate the purchase or lease of the vehicle. Accordingly, if a consumer asks to test drive a vehicle, the dealer must obtain written permission from the consumer before obtaining a report.

Only in those circumstances where it is clear both to the consumer and to the dealer that the consumer is actually initiating the purchase or lease of a specific vehicle and, in addition, the dealer has a legitimate business need for consumer report information may the dealer obtain a report without written permission. In this regard, we note that obtaining information for negotiation purposes does not constitute a "legitimate" business need. The dealer must have a specific need for the information directly related to the completion of the transaction. For example, a dealer may obtain a report, if one is necessary, in order to arrange financing requested by the consumer.(1) The dealer may also obtain a report to check a consumer's creditworthiness when the consumer presents a personal check to pay for the vehicle. By contrast, a permissible purpose would not arise if a consumer intends to pay by cash.

2. Section 604(b)(2)(A) requires consumer report users, before procuring a report for employment purposes, to make a written disclosure to the consumer "in a document that consists solely of the disclosure" that a consumer report may be obtained for employment purposes. You ask whether a party that has secured an employee's authorization for the report in an employment application must also make the disclosure in a separate document. The answer is yes, because Section 604(b)(2)(A) specifically states that the document containing the required disclosure may not include other items.

You also ask what information may appear on the document and if "the FTC is suggesting that the document be of a certain size." It is our view that Congress intended that the disclosure not be encumbered with extraneous information. However, some additional information, such as a brief description of the nature of the consumer reports covered by the disclosure, may be included if the information does not confuse the consumer or detract from the mandated disclosure. We suggest no size requirement for the disclosure; a document that meets the "clear and conspicuous" standard set by the FCRA will be acceptable.

3. Finally, you ask two questions relating to Section 604(b)(3), which requires an employer "before taking any adverse action" based on a consumer report, to provide the consumer with a copy of the report and the summary of consumer FCRA rights prescribed by the Commission. First, you ask if a CRA is responsible for sending the required summary to employers. The answer is yes, because Section 604(b)(1)(B) imposes this duty on CRAs that provide reports for employment purposes. Second, you ask if there is any specific amount of time that must elapse from the time the required items are provided to the consumer and the employer's adverse employment action. The law is silent as to how long the employer must wait after making the Section 604(b)(3) pre-adverse action disclosure before actually taking adverse action; it states only that the specified items be provided before the adverse action is taken. Employers may wish to consult with their counsel in order to develop procedures that are appropriate, keeping in mind the clear purpose of the provision to allow consumers to discuss the report with employers before adverse action is taken.

The opinions set forth in this informal staff letter are not binding on the Commission.

Yours truly,

David Medine

1. The dealer's "permissible purpose" here is provided by Section 604(a)(3)(A), which permits the use of co

ftc.gov